WILLIAM J. TRIPPE and WILLIAM L. STYLES, sur-
viving obligors of WILLIAM B. CLARK *vs.* STATE,
use of LUTHER C. COX and MARY H. P. COX,
his Wife.

*Arrest of judgment—Irregularity—Departure in pleading—
Variance between the allegata and probata—Certain objec-
tions to the pleadings in an action on a guardian's bond held
to be untenable on a motion in arrest of judgment.*

No irregularity results from the length of time a suit has been pending if the
parties have been duly represented in Court by their respective counsel, and
the docket entries show that it is brought up by regular continuances to
the Term at which it was finally tried.

A suit was brought in the year 1860, against C. and his two sureties T. and
S. on a guardian's bond. Upon the suggestion of the death of the princi-
pal at May Term, 1865, it was continued against T. and S. as surviving
obligors. In July, 1870, the declaration was filed together with the bond
sued on. The declaration averred the execution of the bond by T. and S.,
and their failure to pay the amount thereof. The defendants pleaded general
performance on the part of C. The plaintiff then replied setting out the
names of the obligors in the bond with particularity, stating the death of
C. the guardian, and assigning breaches. To this replication issue was
joined, and the case was tried before a jury. Upon a motion in arrest of
judgment, it was HELD :

1st. That upon the pleadings there was no ground for the objection, that the
replication was a departure from the declaration by reason of its referring to
a writing obligatory of two joint obligors, while the replication set out a
bond by which a third party not named in the declaration was bound as
principal, and they as sureties.                •

2nd. That the case having been brought to an issue upon the replication, the
pleadings presented a sufficient cause of action, and when the bond was
offered in evidence there could have been no valid objection to it upon the
ground of a difference between the *allegata* and *probata*.

Trippe, *et al. vs.* State, use of Cox, *et al.*

3rd. That the defendants having failed to demur to the replication, and the case having been tried upon its merits upon issue joined to the replication, the objection on the ground of a variance was not tenable upon a motion in arrest of judgment.

The condition of the bond sued on, was that the guardian should faithfully account with the Orphans' Court as directed by law for the management of the property and estate of the ward under his care, and deliver up said property agreeably to the order of said Court or the directions of law. The replication averred a failure to account, and the non-payment over of the money alleged to be due the ward. HELD:

That this was a substantial allegation of a breach of the condition of the bond.

The replication did not allege that the ward had become of age before the suit was brought. HELD:

1st. That demand and default to pay were alleged and this was sufficient.

2nd. That if the party had no right to sue, this could have been put in issue by the pleadings, and was the proper subject of proof, and the failure to aver that the ward had-arrived at age, was not a tenable ground for objection on the motion in arrest of judgment.

3rd. That it was not necessary that suit should have been prosecuted against the guardian or his insolvency alleged before the bond became liable to an action.

APPEAL from the Circuit Court of Talbot County.

This was an action instituted on a guardian's bond in the year 1860.

The case is stated in the opinion of the Court.

The cause was argued before BARTOL, C. J., BRENT, MILLER, ALVEY and ROBINSON, J.

*William Shepard Bryan,* for the appellants.

The proceedings do not seem to have been very expeditious, but they were quite irregular. No attempt seems to have been made to collect from the principal the amount alleged to be ·due. He lived nearly five years after the suit was brought, and no steps were taken in the case ; not even a *narr.* was filed. In fact, the *narr.* in the

33

case was not filed until nearly ten years had elapsed from the institution of the suit; and then there is another delay of five years before the rule plea is enforced against these appellees. The record furnishes no explanation of this course of proceedings. But the result seems to have been an attempt to pass by the principal and fasten this demand on the sureties. Now, as this Court has said that the *" contract of a surety cannot be carried beyond its strict letter,"* (*Chase vs. McDonald,* 7 *H. & J.,* 760,) the appellees intend to stand on their strict legal rights.

A guardian's bond stands on the same footing as a testamentary bond, (*Art.* 93, *Code, sec.* 155;) and a testamentary bond cannot be put in suit before a *non est* is returned on a summons against the executor, or insolvency or insufficiency of the estate of the executor is shown. (*Code, Art.* 93, *sec.* 106.) And this Court has said that this statute must be liberally construed, its design being to make the principal pay instead of the surety. *State vs. Jones,* 8 *Md.,* 88.

Now, this condition, precedent to the surety's liability, is nowhere alleged in the case. It is a matter to be affirmatively shown by the plaintiff; and there is nothing stated from which it could be inferred by reasonable intendment. There is an entire absence of that which is a vital and essential element of the cause of action. A verdict cures a statement of facts imperfectly made; but it cannot supply a cause of action, where one does not exist. *Rushton vs. Aspinall,* 1 *Smith's Leading Cases,* 334, is the leading case on this subject, to which all the authorities conform, when rightly interpreted, and this shews clearly that an objection of this kind is fatal in arrest of judgment. *Gould's Pleading, ch.* 10, *secs.* 13, 20, 21 and 22.

The bond is in the record, and was filed at the same time with the declaration. The defendants prayed oyer, which would make it part of the declaration, if it was not so before. *Tucker vs. State,* 11 *Md.,* 322. Then we see that

there is a declaration against two joint obligors, when there were three, and nothing is stated in the declaration to account for the omission to join the third one. Such a declaration was declared to be bad on demurrer in *State vs. Wheeler*, 14 *Md.*, 108. It is equally bad on motion in arrest. *Balto. Cemetery Co. vs. The First Independent Church*, 13 *Md.*, 117.

In a case of this kind, where the plaintiff delays to prosecute his claim against the principal for five years after the suit is brought, and where there is no allegation of insolvency or insufficiency of the principal's estate, it is believed that the sureties are justly entitled to the full measure of all their legal defences.

As to necessity of averring insolvency of principal. *Seegar vs. State*, 5 *H. & J.*, 488 ; *Dorsey vs. State*, 5 *G. & J.*, 471.

No reasons were filed in support of the motion in arrest. None were necessary. *Ch. Hall School vs. Greenway*, 4 *G. & J.*, 407.

*Oswald Tilghman*, for the appellee.

Any irregularities, imperfections or omissions in the pleadings, and all errors and defects appearing on the face of the proceedings, was cured by the verdict, upon issues joined. *Code, vol. 1, Art. 75, sec. 9.*

Assigning the breaches in the replication, has the same force and effect as if the breaches had been fully set out in the *narr.* Here the true cause of action is fully set out in the replication, on the assignment of breaches, and the replication is to be considered as a declaration. If the breaches had been defectively assigned, they might have been demurred to. *Jarrett vs. State, use of Stump*, 5 *G. & J.*, 27.

The questions raised by the appellants in their brief, are not properly before the Court, as it will be assumed, there being no evidence to the contrary in the record that

all the facts necessary to be proved to justify the verdict, were so proved below, and the points now argued not having been raised below, cannot be passed upon by this tribunal. *Code, vol.* 1, *Art.* 5, *sec.* 12; *Code, vol.* 1, *Art.* 75, *sec.* 9.

The failure of the guardian to exhibit a final account to the Orphans' Court, and to deliver up to his ward, upon her marriage, or to her husband, all the property of his ward in his hands, rendered his bond at once liable to be put in suit. *Code, vol.* 1, *Art.* 93, *sec.* 192; *Fridge vs. State, use Kirk,* 3 *G. & J.,* 103.

As the account is to be rendered to the Court after the ward becomes of age, its jurisdiction and control of both fund and guardian remains responsible for the estate committed to its charge, and the obligation of the bond must be taken as co-extensive with the duty and accountability of the guardian; upon no other construction would the bond afford the security intended by the law. *Griffith and Wife vs. Parks, et al.,* 32 *Md.,* 1.

There is no rule founded in principle or justice that would require a creditor to exhaust his remedies against the principal, before resorting to the surety, for payment of a debt for which both principal and surety are equally bound. *Garey vs. Hignutt,* 32 *Md.,* 552, 560; *Addison vs. Bowie,* 2 *Bland,* 606; *Watkins vs. Worthington,* 2 *Bland,* 533, and authorities there cited.

An action may be maintained against a surety or sureties without suing the guardian, and an order from the Orphans' Court, directing the guardian to pay the ward, is not essential to the right of action. *Jarrett vs. State use of Stump,* 5 *G. & J.,* 27.

Sec. 106, of Art. 93 of the Code, has no application to the case of a guardian bond.

A guardian is only liable to his ward, while an administrator may be liable personally to distributees, and can only be liable to the creditors of the decedent for any

debt or damages due from or recovered against the decedent, to the extent of assets in his hands. The case contemplated by sec. 106 of Art. 93 of Code, could never by any possibility arise under a guardian's bond.

BRENT, J., delivered the opinion of the Court.

We do not think the record in this case discloses any error committed by the Circuit Court in overruling the motion made by the appellants in arrest of judgment. The case, it is true, has been pending for a long period of time, but the parties have been duly represented in Court by their respective counsel, and the docket entries show that it is brought up by regular continuances to the term at which it was finally tried. In this respect there is certainly no irregularity.

The suit was originally instituted against William B. Clark and these defendants. Upon the suggestion of the death of William B. Clark, at May Term, 1865, it was continued against them as surviving obligors. In July, 1870, the declaration was filed, together with the guardian bond of Clark upon which these appellants are sureties. The declaration contains a single count, averring that these appellants, by their written obligations, dated the sixth day of October, eighteen hundred and fifty-six, promised to pay to the State of Maryland, for the benefit of Mary H. P. Muse, now Mary H. P. Cox, and wife of L. P. Cox, the sum of five thousand dollars, &c. The defendants pleaded general performance. The plaintiff then replied, setting out the names of the obligors in the bond with particularity, stating the death of William B. Clark, the guardian, assigning breaches. To this replication issue was joined, and the case tried before a jury.

It is here objected that the replication is a departure from the declaration, which refers to a writing obligatory of two joint obligors, while the replication sets out a bond by which a third party, not named in the declaration, is

bound as principal and they as sureties.　What would be the effect of this objection in a different state of pleadings it is not necessary to examine, but upon the pleadings in this case we think it cannot be sustained.　The case is brought to an issue upon the replication, and the questions thereby presented have been distinctly submitted to the jury and passed upon by them.　The pleadings present a sufficient cause of action, and when the bond was offered in evidence there could have been no valid objection to it upon the ground of a difference between the *allegata* and *probata.*　The defendants could have demurred to the replication upon the ground of a variance, and, if decided in their favor, a proper amendment of the pleadings could have been made before the case went to trial upon its merits.　But having taken issue and the case having been decided against them, as it was presented by their pleadings, the objection made is not tenable upon a motion in arrest.

The next objection is that there are no sufficient breaches set out in the replication.

The defendants, by their bond, conditioned that the guardian should faithfully account with the Orphans' Court of Dorchester County, as directed by law, for the management of the property and estate of the orphan under his care and deliver up said property agreeably to the order of said Court or the directions of law.　A failure to do these things is certainly a breach of the bond.　The replication avers a failure to account and the non-payment over of the money alleged to be due the ward.　It is not well perceived how a more substantial breach could be alleged. It is also objected that the replication does not allege that the ward had become of age before suit brought.　Demand and default to pay are alleged, and this is sufficient.　If the party had no right to sue it could have been put in issue by the pleading, and was the proper subject of proof. This objection is not tenable.

The next objection is that suit should have been prosecuted against the guardian, or his insolvency alleged, before the bond became liable to an action. The question is not an open one in this State. It was presented in the case of *Jarrett vs. State, use of Stump,* 5 *G. & J.,* 27.

It was there held that an action could be maintained upon a guardian bond without having previously sued the guardian. An allegation of insolvency is necessary only where suit is required to be first brought against a party, before an action can be maintained against his sureties. But as no such action is required to be brought against a guardian before suing his bond, the allegation is wholly unnecessary.

Finding no error in the order of the Court overruling the motion in arrest, the judgment will be affirmed.

*Judgment affirmed.*